MAX ALPERT, Doing Business as METROPOLITAN DRUG STORE, Plaintiff, *v.* LOUIS D. FREEMAN, as Trustee of the NEW YORK, ONTARIO AND WESTERN RAILWAY, Defendant.

CLARENCE GREENWALD et al., Doing Business as GREENWALD-SUPON Co., Plaintiffs, *v.* LOUIS D. FREEMAN, as Trustee of the NEW YORK, ONTARIO AND WESTERN RAILWAY, Defendant.

ABRAHAM P. FLEISCHER, Plaintiff, *v.* LOUIS D. FREEMAN, as Trustee of the NEW YORK, ONTARIO AND WESTERN RAILWAY, Defendant.

County Court, Sullivan County, August 17, 1954.

*Kenneth A. MacVean* for defendant.

*Lawrence E. Lagarenne* for plaintiffs.

COOKE, J. The same defendant has moved for an order of preclusion in each of the three above-entitled actions, using one set of motion papers setting forth consecutively the respective titles at the beginning thereof. One firm of attorneys represents all plaintiffs and another firm represents defendant in each of the matters. Although the cases are brought to recover for the loss of merchandise destroyed in a single fire at the Monticello station and freight house of defendant, they have never been consolidated nor has a joint trial thereof been ordered.

Plaintiffs object to the procedure followed by defendant in so joining the motions in one application. While this position may be stated to be technical, it is obvious that the three actions are separate at this time with different party-plaintiffs, titles and pleadings. The proceedings taken in one matter have no binding effect upon those of the others. Each case is entitled to a separate file in the office of the clerk of this court. The papers on appeal from a motion in one would be different from those of another and, should a party in one action desire to institute an appeal, he should be able to do so without the confusion and expense of referring to, explaining or setting forth the papers in the other actions.

While technicalities in motion practice should be overlooked if possible, apparently there is no authority for the joinder of motions employed here. To approve over objection the application in its present form would establish a precedent likely to create disorder. Inasmuch as plaintiffs have not consented but have objected to the joinder of the motions in one application and in one set of papers, the court has no alternative but to deny the application insofar as it relates to each case, without prejudice, without costs and without affecting the right of the defendant to make a new application in each case within ten days from the service of the respective orders herein with notice of entry. This memorandum applies to each of the three actions but separate orders should be submitted and entered.